**Jimmy E. THOMAS, Plaintiff–Appellant,**

v.

**William J. HENDERSON, Postmaster General of the United States of America, Defendant–Appellee.**

No. 02–6271.

United States Court of Appeals, Second Circuit.

Sept. 15, 2003.

Paul L. Dashefsky, Smithtown, NY, for Appellant.

Gail A. Matthews, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Deborah B. Zwany, Susan Riley, Assistant United States Attorneys, on the brief), Brooklyn, NY, for Appellee.

Present: NEWMAN, SOTOMAYOR, and WESLEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff Jimmy Thomas appeals from a judgment of the United States District Court for the Eastern District of New York entered on August 30, 2002, dismissing his discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., against his former employer, the United States Postal Service ("USPS" or "Postal Service"), following a bench trial held July 22, and 26, 2002. On appeal, plaintiff, who is African–American, argues that the district court erred in concluding that he had failed to establish that his termination from the Postal Service after an altercation involving a white co-worker was racial discrimination in violation of Title VII, when the co-worker involved in the incident—who plaintiff claims was similarly situated—was not disciplined.

On appeal from a judgment entered after a bench trial, we review the district court's findings of fact for clear error, and review its conclusions of law de novo. Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir.1999).

The district court found that plaintiff was terminated after an altercation with two co-workers, Joanne LaPointe and Thomas LaPointe, which arose after a dispute about plaintiff's use of the office phones. The altercation began while the LaPointes were seated at a desk: Thomas LaPointe got up and began to approach plaintiff after he observed plaintiff make hand gestures that Thomas LaPointe believed were directed at his wife, and he asked plaintiff to repeat what he had said. At that point, the district court found, plaintiff brandished a buck knife at LaPointe and threatened him. LaPointe immediately reported the incident to his supervisor, during which time plaintiff hid the knife in his car. During the subsequent USPS investigation, plaintiff denied having a knife and claimed to have waved his keys instead. At the conclusion of that investigation, the Postal Service terminated plaintiff for violation of the USPS "Zero Tolerance Policy" regarding violence in the workplace for using the knife to threaten LaPointe. LaPointe was not disciplined.

Over a month after the incident, plaintiff filed a report with the Nassau County Bias Unit in which he claimed that LaPointe had called him a "mother fucking nigger" during the confrontation. Plaintiff then admitted to the police that he had pulled a knife, but claimed to have done so in self defense. The district court rejected "as utterly lacking in credibility" plaintiff's trial testimony that LaPointe used racial slurs, noting that "[i]t was not until [plaintiff] knew that he was to be terminated that [he] began to allege that LaPointe directed racial insults toward him.... It is clear to the court that Thomas was willing to lie under oath and to authorities whenever it suited his position of the moment. There is no reason to believe that he testified truthfully at trial."

While plaintiff now suggests that the court erred in finding that LaPointe had not used racial slurs, we find that the district court's assessment of plaintiff's credibility was not clearly erroneous, particularly in light of plaintiff's admission that, during the USPS investigation, he

lied under oath about having the knife. Moreover, even if LaPointe had used an egregious racial slur against plaintiff, the district court correctly determined that threatening LaPointe with a knife was sufficiently more egregious as to render the two men not similarly situated for purposes of the disparate treatment analysis. *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 568 (2d Cir.2000) (holding that an employee who slapped a co-worker was not similarly situated to employees who used racial slurs). Accordingly, we find no error in the district court's conclusion that plaintiff failed to establish that he was terminated in violation of Title VII.